# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MALLOY, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 14-1640 |
| v. | ) ) | Judge Cathy Bissoon |
| K-MART, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

### I. MEMORANDUM

For the reasons that follow, Plaintiff's Motion to Remand to State Court (Doc. 5) will be denied.

### BACKGROUND

On October 30, 2014, James Malloy ("Plaintiff") filed a complaint (the "Complaint") in the Court of Common Pleas of Allegheny County against "K-Mart, Inc.,"[1] ("Defendant") seeking compensatory and punitive damages. Def.'s Notice of Removal (Doc. 1), Ex. A. The Complaint named only the above Plaintiff and Defendant. On December 3, 2014, Defendant filed a Notice of Removal in the instant matter, from the Court of Common Pleas to the Western District of Pennsylvania, alleging that Defendant is a citizen of the states of Michigan and Illinois; Plaintiff is a citizen of the Commonwealth of Pennsylvania; and the amount in controversy exceeds $75,000. Id. Alleging diversity jurisdiction, Defendant argued that removal is proper pursuant to 28 U.S.C. §§ 1441 *et seq.* Id.

---

[1] Defendant clarifies that its proper name is K-Mart Corporation, not K-Mart, Inc.

On December 16, 2014, Plaintiff filed a Motion to Remand to State Court, arguing that complete diversity of citizenship does not exist, as he filed an Amended Complaint naming two additional defendants, both residents of Pennsylvania. Pl.'s Mot. On December 24, 2014, Defendant argued, *inter alia*, that Plaintiff attempted to file his Amended Complaint in the Court of Common Pleas on December 4, 2014, *after* Defendant had filed the Notice of Removal. Def.'s Resp. (Doc. 6). After the filing of the Notice of Removal, the Court of Common Pleas lacked jurisdiction over the case, and thus Plaintiff did not properly amend his Complaint and join the two additional Pennsylvania-resident defendants. Id. Defendant argues that complete diversity of citizenship remains in this case, and diversity jurisdiction over the matter is preserved. Id.

**ANALYSIS**

It is axiomatic that once a Notice of Removal has been properly filed, a state court is divested of jurisdiction over the removed matter, and the case is transferred to federal court. See 28 U.S.C. § 1446; Delalla v. Hanover Ins., 660 F.3d 180, 184-85 (3d Cir. 2011) (discussing 28 U.S.C. § 1446). An attempt to amend a complaint before a state court after the filing of a Notice of Removal necessarily fails, as that court lacks jurisdiction over the matter. As this case currently stands, pursuant to the original Complaint, there are two parties, and those parties are citizens of different states. Contrary to Plaintiff's contention, complete diversity of citizenship indeed exists.

Should Plaintiff wish to amend the Complaint and join additional defendants to this action, the Court will entertain a motion to amend the complaint, and will coextensively address any jurisdictional issues that may arise by virtue of that motion.

## II. ORDER

For the reasons stated above, Plaintiff's Motion to Remand (**Doc. 5**), is **DENIED.**

IT IS SO ORDERED.


January 6, 2015                                             s\Cathy Bissoon
                                                            Cathy Bissoon
                                                            United States District Judge


cc (via ECF email notification):

All Counsel of Record